NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 2 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMAR AZAWI, M.D., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> DENIS MCDONOUGH, Secretary of the United States Department of Veterans Affairs, <br><br> Defendant-Appellee. | No. 22-56157 <br><br> D.C. No. 2:18-cv-00744-MRW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael R. Wilner, Magistrate Judge, Presiding**

Submitted September 29, 2025***
San Francisco, California

Before: O'SCANNLAIN, BERZON, and N.R. SMITH, Circuit Judges.

Dr. Samar Azawi appeals pro se from the district court's grant of summary

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment in her action arising out of her employment with and recommended termination by the United States Department of Veterans Affairs ("VA"). Azawi alleged gender, age, and national origin discrimination, hostile work environment, retaliation, and unequal pay claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"), and the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1088 (9th Cir. 2008). "[W]e may affirm on any ground raised below and supported by the record[.]" *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227 (9th Cir. 2017) (internal citation omitted). We affirm.

1. We evaluate Title VII and ADEA claims under the burden-shifting framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "Under this framework, the employee must first establish a prima facie case of … discrimination." *Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201, 1207 (9th Cir. 2008). Then "the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its adverse employment action." *Id.* "If the employer satisfies its burden, the employee must then prove that the reason advanced by the employer constitutes mere pretext for unlawful discrimination." *Id.*

To establish a prima facie discrimination claim under Title VII, a plaintiff

must show that "(1) she belongs to a protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably." *Id.* at 1089. To establish a prima facie discrimination claim under the ADEA, a plaintiff must show that he was "(1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." *Id.* at 1207 (citation and internal quotation marks omitted).

We assume here that Dr. Azawi made out a prima facie discrimination claim under both Title VII and the ADEA. The VA proffered sufficient evidence that Dr. Azawi was removed from her position based on performance deficiencies, including the findings of an unrestricted peer review of her performance conducted by a doctor who worked at a different VA facility.

Dr. Azawi did not proffer substantial evidence that the VA's "showing was untrue or pretextual." *See Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 746 (9th Cir. 2011) (internal citation omitted). Azawi argues primarily that any deficiency in her performance as a doctor was attributable to her unmanageable workload. Azawi's proffered evidence may support an inference that "the employer's decision was wrong, mistaken, or unwise." *Id.* (internal

citation omitted). But such evidence is insufficient to meet the required burden of showing that employer's proffered legitimate reason for termination is pretextual and thus "unworthy of credence." *Id.* As *Villiarimo v. Aloha Island Air, Inc.* explained, when a plaintiff "fail[s] to demonstrate that the legitimate, non-discriminatory reasons for her termination offered by [her employer] … are pretextual," then "her federal [discrimination] claim fails" under the *McDonnell Douglas* "burden-shifting approach." 281 F.3d 1054, 1064 (9th Cir. 2002).

2. To establish a prima facie case of retaliation under Title VII or the ADEA, a plaintiff must show that "1) he engaged in a protected activity; 2) he suffered an adverse employment decision; and 3) there was a causal link between the protected activity and the adverse employment decision." *Villiarimo*, 281 F.3d at 1064; *see Poland v. Chertoff*, 494 F.3d 1174, 1179-80 (9th Cir. 2007); *see also* 29 U.S.C. § 215(a)(3) (Equal Pay Act, stating that it is unlawful for "any [person] to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under or related to this chapter"). The district court properly granted summary judgment on Dr. Azawi's retaliation claims because, once again, she failed to raise a triable dispute as to whether the VA's proffered non-retaliatory reasons for discharging her were pretextual.

3. Dr. Azawi also did not introduce evidence creating a triable dispute as to any element of her hostile work environment claim. To prove a hostile work

environment claim, a plaintiff must show that (1) she was subjected to verbal or physical conduct of a harassing nature, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1110 (9th Cir. 2000). Dr. Azawi did not allege verbal or physical conduct of a harassing nature in her opposition to summary judgment or her supporting declaration. The district court properly granted summary judgment.

4. As to Dr. Azawi's EPA claim, dismissal was proper because she did not respond to the VA's motion for summary judgment on these claims, despite the District Court's order to "make clear … whether and which EPA claims remain in this case or are voluntarily dismissed." The district court did not err in concluding that Dr. Azawi abandoned these claims. *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005). We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

22-56157